IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA BOSLEY, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| AMERIMAX HOME PRODUCTS, INC. | : | |
| AND EURAMAX INTERNATIONAL, INC., | : | |
| Defendants. | : | |

### COMPLAINT

### JURY TRIAL DEMANDED

**INTRODUCTION:**

1.     This action is brought by Angela Bosley against her former employers to redress her deprivation of rights under Title VII of the Civil Rights Act of 1964, as amended (Title VII), and under the Pennsylvania Human Relations Act (PHRA).  In support of these claims, Angela Bosley alleges:

**JURISDICTION AND VENUE:**

2.     Original jurisdiction founded on the existence of a question arising under particular statutes.  The action arises under Title VII of the Civil Rights Act of 1964, as amended.

3.     Jurisdiction founded upon diversity and principals of pendent jurisdiction under 28 U.S.C. section 1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the Court's original jurisdiction.  Defendant Euramax International, Inc. is headquartered in the State of Georgia.

4.     Defendants are employers with more than 500 employees.

5.     The matter in controversy exceeds, exclusive of interests and costs the sum of one hundred thousand dollars.

6.     The unlawful practices and harm complained of occurred in the County of Lancaster in the Commonwealth of Pennsylvania where the defendants conduct business and Plaintiff had performed services on behalf of the defendants.  Venue therefore lies in the Eastern District of Pennsylvania.

7.     Plaintiff complied with all the conditions precedent to the filing of this complaint. See Notice of Right to Sue attached Exhibit A.


**PARTIES:**

8.     Plaintiff is a citizen of Lancaster County in the Commonwealth of Pennsylvania. At all times relevant, Plaintiff was employed by the defendants.

9.     Defendant Euramax International, Inc. ("Euramax") is an international producer of aluminum, steel, cooper and fiberglass products.  Defendant Euramax owns and operates Amerimax Home Products, Inc.

10.    Defendant Amerimax Home Products, Inc. ("Amerimax") manufactures and distributes all-weather products made from steel, aluminum, cooper and metal.  Plaintiff worked at the plant located in Lancaster, Pennsylvania.

11.    Defendants, separately and jointly, acted by and through all administrators, supervisors, managers, employees, servants and agents.

**CLAIMS:**

12.     Plaintiff is a Hispanic Female.  Plaintiff is a member of protected classes for sex, race and national origin.

13.     On or about September 5, 1997, the defendants hired the plaintiff as an Order Puller to work in the Shipping Department at the Amerimax located in Lancaster, Pennsylvania.

14.     Earl Knuth was the Shipping Manager at the Lancaster Facility where the plaintiff worked.

15.     Manager Knuth subjected the plaintiff to sexual harassment including unwelcome physical touching, story telling of his military (Vietnam) experiences of sex with two Asian women, tapping the plaintiff's buttocks, and rubbing his crotch against the plaintiff's shoulder.

16.     Manager Knuth's actions and conduct toward the plaintiff were unwelcome and offensive.

17.     Plaintiff told Manager Kunth to stop his behavior.  Manager Kunth replied that he would stop before he got himself "into trouble".

18.     Plaintiff reported Manager Kunth for sexual harassment.

19.     On or about November 26, 2005, the defendants falsely accused the plaintiff of fighting with a temporary male employee.  The temporary male employee had made advances towards the plaintiff that the plaintiff rejected and told him to get away. The temporary employee refused then physically assaulted the plaintiff.

20.     Defendants discharged the plaintiff from employment based on the false accusation that she was "fighting" at work.

21.     The false accusation that resulted in the plaintiff's wrongful discharge was a pretext for discrimination and retaliation for rejecting Manager Kunth's sexual advances and/or for complaining of sexual harassment.

22.     Defendants accorded preferential treatment towards white employees.

23.     Defendants failed to evenly enforce company policies and procedures.

24.     Plaintiff was treated differently and disparately because she is female and/or because she is Hispanic.

25.     Defendants failed to remedy harassment and discrimination in the work place.

26.     Defendants tolerated harassment and discrimination in the workplace.

27.     The harassment in the work place directed at the plaintiff was severe and/or pervasive.

28.     Plaintiff's rights and protections were violated and she was otherwise harmed because Defendants subjected her to sexual harassment, unequal conditions of employment, disparate treatment, wrongful discharge, and retaliation for complaining of sexual harassment and/or retaliation for rejecting the advances of Manager Knuth.

29.     Defendants, separately and jointly, discriminated against the plaintiff based on her sex and/or her race and/or her national origin.

30.     As a result of the defendants' joint and separate actions, the plaintiff suffered harm and damages.

31.     Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission that were dual-filed with the Pennsylvania Human Relations Commission.  Plaintiffs exhausted her administrative remedies.  See Notice of Right to Sue attached Exhibit A.

4

## COUNT I

32.    The allegations of paragraphs 1 thru 31 are incorporated by reference.

33.    The conduct by Defendants Amerimax and Euramax described above constituted violations of Title VII of the Civil Rights Act of 1964 as amended (Title VII).

34.    The conduct of Defendants Amerimax and Euramax described above was willful within the meaning of Title VII of the Civil Rights Act of 1964 as amended (Title VII).

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Amerimax and Defendant Euramax and the Court:

(A)    Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost employment benefits;

(B)    Award Plaintiff compensatory damages for lost career, mental anguish, personal suffering, professional embarrassment and public humiliation;

(C)    Award Plaintiff punitive damages;

(D)    Award Plaintiff costs of this action and reasonable attorney's fees; and,

(E)    Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT II

35.    The allegations of paragraphs 1 thru 34 are incorporated by reference.

36.    The conduct by Defendants Amerimax and Euramax described above constituted violations of the Pennsylvania Human Relations Act.

37.     The conduct of Defendants Amerimax and Euramax described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Amerimax and Defendant Euramax and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings, and lost employment benefits;

(B)     Award Plaintiff compensatory damages for mental anguish, lost career, personal suffering, professional embarrassment and public humiliation;

(C)     Award Plaintiff costs of this actions and reasonable attorney's fees; and,

(D)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted:

Nina B. Shapiro, Esquire
Attorney for Plaintiff
PA ID# 44040
53 North Duke Street, Suite 201
Lancaster, PA  17602
717-399-8720
FAX: 717-399-8744
bgdnbs@aol.com

EXHIBIT A

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Angela L. Bosley
732 Pine Street - Apt. 2
Columbia, PA 17512-2268

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107-3127

[     ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2006-01298 | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]  More than 180 days have passed since the filing of this charge.

[   ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]  The EEOC is terminating its processing of this charge.

[   ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[   ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director

May 1, 2008

*(Date Mailed)*

Enclosure(s)

cc:   Amerimax Home Products, Inc.
Nina B. Shapiro, Esquire (for Charging Party)
Kimberly Lauren Fogarty, Esquire (for Respondent)

RECEIVED
5/5/08 CK